Citation Nr: 1829875 
Decision Date: 09/19/18 Archive Date: 09/24/18

DOCKET NO. 15-10 348A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in San Diego, California


THE ISSUE

Entitlement to a higher level of payment of educational assistance benefits under the Transfer of Entitlement provisions of Chapter 33, Title 38, United States Code (known as the Post-9/11 GI Bill), currently paid at the 50-percent level.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Neilson, Counsel



INTRODUCTION

The Veteran served on active duty from April 1980 to February 1987. He had additional Reserve service, which service included various periods of Post-9/11 GI Bill qualifying active duty service after September 10, 2001.

This appeal to the Board of Veterans' Appeals (Board) arose from a December 2014 determination by the RO in Muskogee, Oklahoma that the Veteran had 12 months of Post-9/11 GI Bill educational assistance benefits to transfer to his dependent daughter A.B., which benefits were to be paid at the 50-percent level. The Veteran disagreed with the level of payment determination, and this appeal ensued.

The Board notes that on his VA Form 9 (Appeal to Board of Veterans' Appeals), the Veteran requested a Board videoconference hearing before a Veterans Law Judge. The Veteran was scheduled for a Board video-conference hearing to be held on August 17, 20108; however, as discussed below, on the day of his scheduled hearing, the Veteran withdrew his appeal, and the hearing was canceled.


FINDING OF FACT

In an August 2018 statement, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that he wished to withdraw from appeal his claim of entitlement to a higher level of payment of educational assistance benefits under the Transfer of Entitlement provisions of the Post-9/11 GI Bill, currently paid at the 50-percent level.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal are met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105 (2012). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2017). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204.

In an August 2018 statement on the date of a scheduled hearing and in response to being notified that the Board had docketed his appeal as to the issue of entitlement to a higher level of payment of educational assistance benefits under the Transfer of Entitlement provisions of the Post-9/11 GI Bill, the Veteran requested that his appeal be withdrawn. The Veteran's desire withdrawal his appeal was reiterated by his representative in a September 2018 motion to withdraw appeal.

Given the withdrawal, no allegations of errors of fact or law remain for appellate consideration. The Board therefore does not have jurisdiction to review the appeal as to the claim for a higher level of payment of educational assistance benefits under the Transfer of Entitlement provisions of the Post-9/11 GI Bill, currently paid at the 50-percent level, and it must be dismissed.


 

 (CONTINUED ON NEXT PAGE)

ORDER

The appeal is dismissed.



____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs